UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HERNANDO LAGOS, individually and on behalf of others similarly situated,

    Plaintiff,

-against-

CAMELOT REALTY GROUP LLC, SHINE SERVICES, LLC, FIRSTSERVICE RESIDENTIAL NEW YORK, INC., PETRA SCOTT, RAMESH SAARVA, and PARAAG SAARVA,

    Defendant.

Case No.:

**COMPLAINT**

Plaintiff HERNANDO LAGOS ("Plaintiff"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against SHINE SERVICES LLC, CAMELOT REALTY GROUP LLC, FIRSTSERVICE RESIDENTIAL NEW YORK, INC ("Corporate Defendants", the "Companies"), PETRA SCOTT, RAMESH SAARVA, and PARAAG SAARVA ("Individual Defendants") as follows:

**PRELIMINARY STATEMENT**

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law § 650 *et seq.* ("NYLL", "State Law") and seeks damages to redress losses Plaintiff has suffered as a result of Defendants failing to pay him required overtime wages, failing to timely pay him, and retaliating against him for making complaints of unlawful conduct by Defendants under NYLL §191 and NYLL §215.

2. Defendants knowingly violated Plaintiff's rights under the FLSA and NYLL.

3. Damages and other legal relief are sought pursuant to the FLSA and NYLL.

1

4. Additionally, Plaintiff brings this action to challenge Defendants' breach of contract for failing to pay him for services performed.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the FLSA, 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the state and city law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Jurisdiction is conferred on this Court because Plaintiff and Defendants named herein are residents of the State of New York and/or conduct business in the State of New York. Jurisdiction is conferred on this Court as to all causes of action because they arise under New York State and New York City statutory law.

7. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

### *Plaintiff*

8. Plaintiff is a New York resident.

9. Plaintiff was at all relevant times an "employee" within the meaning of the FLSA and NYLL, protected from retaliation based on complaints of illegal activity under the NYLL.

### *Defendants*

10. Corporate Defendant Camelot Realty Group LLC is a property

management company headquartered at 343 Canal St, New York, NY 10013.

11. Corporate Defendant Shine Services, LLC is, upon information and belief, a property management company which is or was headquartered at 156 Jericho Tpke, Floral Park, NY,11001.

12. Corporate Defendant FirstService Residential New York, Inc is, upon information and belief, a property management company which is or was headquartered at 575 5th Ave., 9th Fl., New York, NY, 10017.

13. Upon information and belief, the other Corporate Defendants are associated with Defendant Camelot Realty Group LLC through shared ownership and integrated operations.

14. Upon information and belief, at all relevant times, Defendants Saarva have owned and operated Corporate Defendant Shine Services LLC.

15. Defendants Saarva at all relevant times co-owned a group of buildings which were managed by Defendants FirstService and Camelot.

16. Defendant FirstService controlled the terms and conditions of Plaintiff's employment for a period of time prior to May 2021 during which Defendant Shine Services paid Plaintiff.

17. In May 2021, Defendant Camelot Realty Group began managing the building and paying Plaintiff itself.

18. Upon information and belief, at all times relevant hereto, the Companies have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

19. Upon information and belief, at all relevant times hereto, Defendants have

3

been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA.

20. Plaintiff worked with tools and materials that passed through interstate commerce.

21. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

22. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

23. At all relevant times, Defendants Saarva have owned the buildings where Plaintiff was employed and exercised control over the terms and conditions of Plaintiff's work. Defendants Saarva made the decision to terminate Plaintiff, and communicated this decision through Defendant Camelot Realty Group LLC and Defendant Scott. Further Defendants Saarva determined Plaintiff's pay, as well as upon information and belief, his work schedule.

24. Defendant Scott is employed by Corporate Defendant and was Plaintiff's direct manager.

25. The Individual Defendants are each natural persons engaged in business in the State of New York, who are sued individually in their capacities as owners, agents, employees or officers of the Corporate Defendant.

26. Individual Defendants are employers individually liable under the FLSA and NYLL, given that they controlled the terms and conditions of Plaintiff's employment and had hiring and firing power over Plaintiff.

27. Individual Defendants recommended, participated in, and/or carried out the adverse actions against Plaintiff.

## FACTUAL ALLEGATIONS

28. Plaintiff worked in buildings owned and managed by the Defendants from on and about 2013 until on and about December 29, 2023.

29. Plaintiff worked in three buildings, including a building of 60 units in Sunnyside, Queens on 43-33 48th Street, and two buildings of 12 units each at 41-34 55th Street and 41-28 55th Street in Woodside, Queens.

30. Plaintiff worked Mondays through Fridays, 8 a.m. to 5 p.m. with a one-hour lunch break, but also performed work on weekends.

31. Plaintiff was expected to be on call at all times and present on the premises every day.

32. Plaintiff regularly worked between 50 and 55 hours per week.

33. Plaintiff therefore consistently worked between ten and fifteen hours of overtime per week.

34. Defendants did not pay Plaintiff at a rate of 1.5 times his standard pay rate for the hours he worked beyond 40 per month.

35. Instead, Defendants paid him $3,393 per month, once per month.

36. Defendants also provided Plaintiff with an apartment at 43-33 48th Apt. 1C

37. Plaintiff's job duties included regular building superintendent responsibilities, including cleaning and repairs. Plaintiff also performed minor contracting work, including tasks such as patching wall holes for which Defendants agreed to pay him separately.

38. When Plaintiff performed contracting work, he would provide Defendants with a quote and then usually be paid for this extra work after the job was complete.

39. However, Defendants owe Plaintiff approximately $8,000 for repair

projects that he performed but was never paid for.

40. Plaintiff complained to his manager at Defendant Camelot, Defendant Scott, about not being paid for these repair projects. Plaintiff stated that he would not perform more of these repair projects until he was paid what he was owed.

41. Further, Plaintiff complained to Defendant Scott about only being paid once per month and that he did not receive any pay for any hours in excess of 40.

42. As a result of these complaints, Defendants terminated Plaintiff on December 29, 2023, by email and text message.

43. Upon information and belief, Defendants Saarva had made the decision to terminate him.

44. Defendants also directed Plaintiff to vacate his apartment, which Plaintiff did.

## Collective Action Allegations.

45. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees. Plaintiff's consent to sue is attached as **Exhibit 1**.

46. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

47. Upon information and belief, there are at least 30 current and former employees performing similar duties who have been denied overtime compensation while working for Defendants.

48. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have

been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

49. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

50. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants in similar positions on or after the date that is six (6) years before the filing of the instant Complaint.

51. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

52. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

53. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

54. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

55. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

56. Plaintiff brings the first through third claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CAUSE OF ACTION
### FLSA Overtime

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Plaintiff was an employee of Defendants.

59. Defendants willfully violated the Fair Labor Standards Act when they failed to pay Plaintiff at the mandated one and a half times his standard pay rate for all hours above 40 per week.

60. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### NYLL Overtime

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Plaintiff was an employee of Defendants.

63. Defendants willfully violated the New York Labor Law when they failed to pay him at the mandated one and a half times his standard pay rate for all hours above 40 per week.

64. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### NYLL §191

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. By the acts and practices described herein, Defendants intentionally and willfully violated State Law by failing to pay Plaintiff, a manual worker, on a weekly basis.

67. As a proximate result of Defendants' unlawful actions, Plaintiff has endured monetary loss, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

### FOURTH CAUSE OF ACTION
### NYLL Failure to Notify

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. Pursuant to §195(1) of the NYLL, Defendants were required to provide to Plaintiff a wage notice containing, *inter alia*, his hourly rate of pay.

70. Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiff a wage statement containing, *inter alia*, a record of each hour worked and his rate of pay.

71. Defendants failed to provide Plaintiff with a wage statement or proper wage statements in accordance with §195 of the NYLL.

72. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §198 of the NYLL for each workday Defendants failed to provide such wage notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**Retaliation, NYLL §215**

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. By the acts and practices described herein, Defendants intentionally and willfully violated State Law by terminating Plaintiff in retaliation for engaging in protected activity.

75. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

76. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION
### Retaliation, FLSA §215

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. By the acts and practices described herein, Defendants intentionally and willfully violated the FLSA by terminating Plaintiff in retaliation for engaging in protected activity.

79. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

80. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SEVENTH CAUSE OF ACTION
### Breach of Contract

81. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

82. Defendants entered into a contract with Plaintiff to pay him for certain contracting work.

83. Defendants currently owe Plaintiff approximately $8,000 for repair

projects that he performed but was never paid for.

84. Defendants failed to make the necessary payments.

85. That by virtue of the foregoing breach of contract by Defendant, Plaintiff has been damaged in an approximate amount of $8,000.00, with an award of interest, costs, disbursements, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: July 26, 2024
New York, NY

Respectfully submitted,

By: *Michael Taubenfeld*
Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
233 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700

# Exhibit 1

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by SHINE SERVICES LLC, CAMELOT REALTY GROUP LLC, FIRSTSERVICE RESIDENTIAL NEW YORK, INC. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Hernando Lagos
_____
**NAME**

/s/
_____
**SIGNATURE**

7/24/2024
_____
**DATE**

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Hernando Lagos.

*Karlin Valencia*
_____
KARLIN VALENCIA

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de SHINE SERVICES LLC, CAMELOT REALTY GROUP LLC, FIRSTSERVICE RESIDENTIAL NEW YORK, INC., o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con lostérminos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Hernando Lagos
_____
NOMBRE

*Hernando Lagos*
DocuSigned by
8556148E2049418...
_____
FIRMA

7/24/2024
_____
FECHA